UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATCHER INVESTMENTS, LLC,

Case No. 2:21-cv-11005

Plaintiff,

HONORABLE STEPHEN J. MURPHY, III

v.

BELFOR USA GROUP, INC.,

Defendant.

_____/

**ORDER TRANSFERRING CASE TO
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

Earlier this month, the Court ordered the parties to "show cause for why the case should not be transferred to the Western District of Missouri." ECF 31, PgID 325. The parties jointly responded to the order. ECF 32. The Court has reviewed the response and need not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will order the case to be transferred to the Western District of Missouri.

**BACKGROUND**

Plaintiff Hatcher Investments contracted Defendant Belfor USA Group to repair and restore a building in Liberty, Missouri that "was partially destroyed . . . when a neighboring building collapsed." ECF 1, PgID 1–2; ECF 10-3, PgID 118 (contract). Based on the contract, "[a]ll insurance work performed by [Defendant]" was to be priced "based upon industry standards." *Id.* Plaintiff alleged that Defendant overcharged for the work. ECF 1, PgID 2, 4–6. Plaintiff then sued

1

Defendant in a putative class action for breach of contract, *id.*; Defendant moved to dismiss, ECF 10, and to strike the complaint's class allegations, ECF 16. The Court has not resolved either motion, ECF 6; 10.

## LEGAL STANDARD

Title 28, United States Code, Section 1391 governs venue for a civil action in federal court. Venue is proper in the "district in which any defendant resides" or the "district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). Even if venue is proper, a district court may transfer a case on its own motion under § 1404(a). Section 1404(a) allows a district court, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . [to] transfer any civil action to any other district or division where it might have been brought." *Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989). "[T]he Court may order transfer sua sponte provided the parties are first given the opportunity to argue their views on the issue." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393 (E.D. Mich. 1982) (collecting cases) (italics omitted). Moreover, "district courts have wide discretion to transfer an action to a" proper venue, provided the Court finds that a transfer would be more convenient to the parties and witness and in the interest of justice. *Id.* at 394.

## DISCUSSION

The Court will first address whether the Western District of Missouri is a proper venue under § 1404(a). After, the Court will consider several factors bearing on whether "transfer is the most sensible option for adjudication of this putative class

action." *Wayne Cnty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 975 (E.D. Mich. 2009).

I.      Proper Venue[1]

In federal court, venue is proper in the "district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2). Venue of the present dispute is entirely proper in the Western District of Missouri because a substantial part of the events occurred in that district. For one, the subject property of the disputed contract is in Liberty, Missouri. ECF 1, PgID 4. Liberty is in Clay County, which is within the Western District of Missouri's jurisdiction. § 105(b)(1). For another, under the contract, Defendant's performance—repairing the building— took place in Liberty. ECF 10-3, PgID 118. And last, Plaintiff alleged that Defendant breached the contract because it did not charge Plaintiff for the repairs in conformity to "standard industry pricing"—as defined by Plaintiff's insurance policy. *Id.*; ECF 1, PgID 5–6. And although the insurance policy has not been provided to the Court, the policy insured the building in Liberty, and Plaintiff, a Missouri resident, was "listed as a named insured." ECF 1, PgID 4.

In all, Plaintiff alleged that Defendant breached a contract centered solely on restoring a property in Liberty, Missouri by overcharging for the work. Because the restoration was a substantial act giving rise to the case and occurred in Liberty, Missouri, the Western District of Missouri is a proper venue for adjudication.

---

[1] In response to the Court's show cause order, neither party argued that the Western District of Missouri is an improper venue. *See generally* ECF 32.

3

II.     Balance of Factors

Given that the Western District of Missouri is a proper venue for the action, the Court must next determine whether transfer of venue is in the interest of justice. *See* § 1404(a). The Court must weigh the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Wayne Cnty. Emps. Ret. Sys.*, 604 F. Supp. 2d at 974 (collecting cases). The Court will address each factor in turn.

    A.      *Convenience of Witnesses*

The instant case is a putative class action—the only parties in it are Plaintiff and Defendant. *See* ECF 1. Plaintiff is domiciled in Missouri and Defendant in Michigan. *Id.* at 2. And Plaintiff alleged that Defendant used an equipment contractor to complete its work on the Missouri property. *Id.* at 5. Although the complaint does not track where the equipment came from, Defendant rented the equipment to carry out its contractual duties in repairing the Missouri property. *Id.* The complaint further alleges that Defendant rented the equipment and "billed Plaintiff . . . more than three times the amount that Defendant paid the equipment contractor." *Id.* Here again, Plaintiff provides no facts about a specific location where those events took place. *See id.* It appears, therefore, that neither Missouri nor

4

Michigan would be more convenient because neither state *clearly* has more witnesses in or near a particular venue. Thus, the factor is neutral toward transfer.

### B.    *Location of Relevant Documents*

"As many courts have recognized, the location-of-documents factor is a neutral factor in today's modern era of faxing, emailing, and scanning of documents." *Mt. Hawley Ins. Co. v. McKinley, Inc.*, No. 19-11418, 2019 WL 6124778, at *5 (E.D. Mich. Nov. 19, 2019) (collecting cases). Thus, the factor has no weight.

### C.    *Convenience of Parties*

The convenience-of-the-parties factor weighs the relative burden on each party to litigate in a given venue. *See Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962–63 (M.D. Tenn. 2008). Like the convenience of witnesses, the parties' domiciles are Missouri and Michigan. ECF 1, PgID 2. Neither state is more convenient for adjudication given that one party is domiciled in Michigan and the other in Missouri. Defendant, in response to the Court's show cause order, noted that if the motion to strike the complaint's class allegations is granted, then it would agree that Missouri would be the more convenient venue. ECF 32, PgID 328 n.1. The Court has not resolved the motion, and it will not before determining proper venue. It would of course be difficult for the Court to accurately predict where the most convenient forum would be for a potentially nationwide class, pre-certification. *See Franklin v. Kellogg Co.*, 2008 WL 2896947, at *2 (W.D. Tenn. July 22, 2008) ("[T]he current geographic composition of the putative class is no indication of the make-up of that class . . . if it is eventually certified."); ECF 1, PgID 7–11 (class allegations). Thus,

5

neither state is more convenient for adjudication of the case as it currently stands. On balance, the factor is therefore neutral.

### D.    *Locus of Operative Facts*

The contract at issue contemplates Missouri property and certain acts completed in Missouri. *See* ECF 10-3, PgID 118. Indeed, the contract only mentions Michigan in the footer of the "Work Authorization" page, which says that Defendant is headquartered in Birmingham, Michigan; and the "Notice of Cancellation" page requires cancellation notices to be sent to Defendant's headquarters. *Id.* at 118–19. The complaint also alleges that Defendant completed the work on the Missouri property. ECF 1, PgID 4–7; *see also* ECF 32, PgID 328 ("[T]he parties do not dispute that Plaintiff is domiciled in Missouri and its contract's subject property is in Liberty, Missouri."). At its core, the dispute hinges on pricing for the work in Missouri. *See generally* ECF 1, PgID 11–21. Thus, most of the operative facts occurred in Missouri, and the factor strongly supports transfer.

### E.    *Availability of Process to Compel Unwilling Witnesses*

Neither party argued that the ability to compel the attendance of unwilling witnesses favors either venue. But given that Liberty, Missouri is the locus of operative facts, "the majority of likely non-party witnesses are located in or near [Liberty], and therefore subject to the [Western District of Missouri's] subpoena power." *Mt. Hawley Ins. Co.*, 2019 WL 6124778, at \*6. As the case now stands, the sole connection to Michigan is Defendant's domicile. But Defendant is unquestionably subject to the personal and subject matter jurisdiction of a Missouri federal court. *See*

6

ECF 1, PgID 2 (Defendant is "registered to do business in Missouri."); ECF 10-3, PgID 118 (Defendant contracting to complete work in Missouri). A Missouri federal court therefore has the power to compel Defendant to act. The Western District of Missouri, therefore, has a greater ability to compel unwilling witnesses. And the factor favors transfer.

### F.    Relative Means of the Parties

Both parties are commercial entities, and neither party stated that there was an issue with financing a change in venue or litigation in Missouri. Thus, the factor is neutral.

### G.    Forum's Familiarity with Governing Law

The case arises under diversity jurisdiction based on Missouri contract law. When, as here, venue is proper in the transferring district, the law of the transferor court must be applied. *Martin v. Stokes*, 623 F.2d 469, 471–72 (6th Cir. 1980). If the case were to be transferred to Missouri, then, Michigan's choice of law rules would apply. *Keller v. Cummings Inc.*, No. 08-10264, 2008 WL 2415852, at *2 (E.D. Mich. June 12, 2008) ("In making choice of law determinations, a federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

For contract disputes, Michigan courts "balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply." *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 705 (6th Cir. 2002) (quotation omitted). Courts must therefore consider "the place of contracting,"

"negotiation," "performance," the location of the parties' business, and "the location of the subject matter of the contract." *Uhl v. Komatsu Forklift Co.,* 512 F.3d 294, 302 (6th Cir. 2008) (citing Restatement (Second) of Conflict of Laws § 188(2) (Am. L. Inst. 1971)). *See generally Amerisure Mut. Ins. Co. v. Transatlantic Reinsurance Co.,* ---F. Supp. 3d ---, 2021 WL 5879192, at *3–6 (E.D. Mich. 2021) (Murphy, J.).

And as the Court explained, the location of the contract's subject matter and the place of performance are both in Missouri. The other factors appear split between Michigan and Missouri or are otherwise unknown for lack of explanation in the complaint. Thus, both federal courts would apply Missouri contract law. *See Ramakrishna v. Besser Co.,* 172 F. Supp. 2d 926, 932 (E.D. Mich. 2001) (finding that Indian law applied to a contract to build based on the same factors found above). A federal court sitting in the Western District of Missouri would therefore be more familiar with Missouri contract law if Michigan and Missouri law were in conflict. Thus, the factor favors transfer to Missouri.

H.      *Weight Given to Plaintiff's Choice of Forum*

In response to the Court's show cause order, Plaintiff explained that regardless of the outcome of the motion to strike the class allegations, it believes Michigan is the most convenient forum given that Defendant is domiciled in Michigan. ECF 32, PgID 328. Plaintiff also noted that the case's "putative class members . . . could be scattered throughout the United States." *Id.* A "plaintiff's choice of venue is normally entitled to substantial weight in determining the propriety of a transfer." *Wayne Cnty. Emps. Ret. Sys.,* 604 F. Supp. 2d at 976. "Nonetheless, the choice of forum is

8

still subject to the balancing of [§] 1404." *Id.* And given that the present case is a putative class action, "deference to [Plaintiff's] choice of venue [is] further [weakened] because the class members are not limited to residents of Michigan." *Id.* Yet Plaintiff chose to file in the Eastern District of Michigan and maintains that this District is most convenient. *See* ECF 1; ECF 32, PgID 328. The factor cuts against transfer.

*I.     Trial Efficiency and Interest of Justice*

Last, it is no secret that the Eastern District of Michigan is experiencing significant court congestion resulting in a backlog of cases set for trial due to COVID-19 interruptions. *See Maisano v. Sterling Heights Dodge, Inc.*, No. 2:18-cv-10702, 2022 WL 446741, at *1 n.1 (E.D. Mich. Feb. 14, 2022) (Murphy, J.). For instance, the Court has numerous cases on its docket ripe for trial. *Id.* Yet in some cases, trial will not be possible for years. Relief from the congestion does not appear to be arriving anytime soon. And the most recent, publicly available Civil Justice Reform Act ("CJRA") report showed that the Eastern District of Michigan had 271 cases pending for at least three years, while the Western District of Missouri had 39.[2] *Civil Justice Reform Act,* Table 7, U.S. District Courts—Civil Cases Pending More Than Three Years—as of March 31, 2021, https://bit.ly/3v5FaWc [https://perma.cc/R6A6-6DEZ].

---

[2] The average number of pending cases on the three-year list per judge in the Eastern District of Michigan was 13.5, compared to an average of 3.9 cases per judge in the Western District of Missouri. *See Civil Justice Reform Act,* Table 7, U.S. District Courts—Civil Cases Pending More Than Three Years—as of March 31, 2021, https://bit.ly/3v5FaWc [https://perma.cc/R6A6-6DEZ] (E.D. Mich. Average = 271 cases divided by 20 district judges) (W.D. Mo. Average = 39 cases divided by 10 district judges).

9

What is more, there is a strong public interest in "holding trial in a community where the public affected live." *Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-cv-159, 2021 WL 3579016, at \*4 (S.D. Ohio Aug. 13, 2021). Plaintiff alleged that Defendant, who repairs and restores buildings, has a "practice of overcharging its customers for the equipment rentals that it uses to restore . . . property." ECF 1, PgID 3. And specifically, Defendant contracts with "thousands of customers . . . throughout Missouri." *Id.* at 9. The Missouri public, therefore, "ha[s] [a] far greater stake[] in the outcome of this case than do the citizens of [Michigan]." *Schoenfeld*, 2021 WL 3579016, at \*4. Thus, the interest of justice facts support transfer.

## CONCLUSION

Four factors favor transfer, one factor weighs against transfer, and the remaining factors are neutral. Plaintiff's choice in venue counters but does not overcome the four factors favoring transfer. Thus, in the interest of justice and practicality, the Court will order that the case must be transferred to the Western District of Missouri.

10

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the United States District Court for the Western District of Missouri under 28 U.S.C. § 1404(a). The Court has not decided the motion to dismiss [10], the motion to strike [16], or the motion to depose Clifford W. Ellwood [26].

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

11